any abuse of discretion, contending, however, that this court should examine the evidence de novo; the rule is otherwise; his concession leaves nothing for our consideration; if the only complaint is that the court refused a new trial, this court will not interfere unless abuse of discretion is shown.

The judgment is affirmed.

---

# Henry K. Cooper, Jr., *v.* Bernard J. Buckley, James J. Gerety, Michael Rock, Jr., Augusta Cooper, Almira Coffin, Howard E. Ziegler, Trustee in Bankruptcy of William H. Cooper, Charlotte K. Zendt, Mary Shields and Albert H. S. Cooper.   (Appeal of Howard E. Ziegler, Trustee in Bankruptcy of William H. Cooper.)

*Trusts—Deeds of trust—Property—Description—Sufficiency.*

A declaration of trust that the trustee holds certain real estate and will reconvey the same to the nominee of the cestui que trust is not invalid because the latter only owned part of the property in which the trust was declared.  By this agreement to reconvey reference was made to the fact that the declarant had received from the plaintiff the subject-matter of the trust, and his declaration must be construed as limited in its operation to the legal title which the cestui que trust had deeded to him in the real estate therein described.

*Deeds—Recording—Creditors.*

Creditors are not within the benefit of the recording acts. Where the grantee in a deed or the beneficiary under a declaration of trust fails to record the instrument under which he claims, no presumption of fraud on the creditors of the grantor or of the maker of the declaration will arise.  Unless they can allege and prove actual fraud such creditors have no standing to impeach his title.

*Bankruptcy—Trustee's title held by bankrupt as bailee of trustee.*

A trustee in bankruptcy does not acquire title to the property held by the bankrupt as the mere bailee or agent of another.

Neither does he acquire title to the property, the legal title to which is in the bankrupt as a trustee.

Argued October 14, 1924. Appeal, No. 25, Oct. T., 1924, by Howard E. Ziegler, Trustee in Bankruptcy for William H. Cooper, from judgment of C. P. No. 4, Phila. Co., June T., 1922, No. 4113, in favor of plaintiff in the case of Henry K. Cooper, Jr., v. Bernard J. Buckley, James J. Gerety, Michael Rock, Jr., Augusta Cooper, Almira Coffin, Howard E. Ziegler, Trustee in Bankruptcy of William H. Cooper, Charlotte K. Zendt, Mary Shields and Albert H. S. Cooper. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Ejectment under the provisions of the Act of April 13, 1807, 2 Sm. Laws 476, section 1, to determine extent of interest in property No. 1038 North Fourth Street, Philadelphia. Before AUDENRIED, P. J.

The facts are stated in the following opinion of the court below:

This action of ejectment was brought by one of the owners of a house and lot in the City of Philadelphia, known as No. 1038 North Fourth Street against his cotenants for the purpose of determining the extent of his interest in that property.

Such a proceeding is authorized by the the Act of April 13, 1807, 4 Sm. L. 476, section 1, Pa. Stat. 1920, section 9382.

In the writ by which the action was begun the subject-matter of the plaintiff's claim is described as an undivided twenty-one one hundred and twenty-sixth (21/126) part or share in the house and lot above referred to. By the plaintiff's declaration it is averred that the interest in the Fourth Street property from the possession of which he is excluded by the defendants is an undivided seven forty second (7/42) part, equal to a one-sixth share, subject to the dower interest of Augusta Cooper

in one-third of the house and lot and subject also to an additional life interest of Augusta Cooper in an undivided one-seventh share of that entire property.

It is suggested by the answer of one of the defendants that a comparison of the declaration with the writ reveals a fatal variance. This lies in the reference in the declaration's description of the share claimed by the plaintiff to the life estates of Augusta Cooper to which his share is subject, but of which no mention is made in the writ.

It is, of course, true that "the declaration must be conformable to the original writ"; but this rule is to be taken subject to the qualification that "the declaration may so far vary from the writ that it states the cause of action more specially": Co. Litt. 303 b; Stephens on Pleading, 369. By this is meant that although the subject-matter of the declaration should not be extended beyond that of the writ, everything within the compass of the writ may be comprehended within the declaration: Ency. of Pleading and Practice, Vol. XXII, p. 510.

We are of the opinion that there is no such divergence of the declaration in the present case from the cause of complaint recited in the writ. The interest claimed by the plaintiff in his declaration is less than that which the writ describes and is wholly included therein.

Moreover, in Sipe v. Penna. R. R. Co., 219 Pa. 210, the Supreme Court, per POTTER, J., quoted with approval the statement contained in section 244 of 1 Chitty's Pleading, 9th Am. Ed. to the effect that a variance between process and pleading such as that here pointed out affords ground merely for a summary application to set aside the declaration for irregularity; and, in Dillman v. Schultz, 5 S. & R. 35, it was said by DUNCAN, J., that no advantage can be taken by the defendant of a variance between writ and declaration where a plea in bar has been filed. Having in this case pleaded not guilty, it is too late for the defendants to ask that the

declaration be struck off because of such a defect as that to which attention is now directed.

In order that the questions in the case may be better understood it is necessary to note at this point that in 1877, the real estate known as No. 1038 North Fourth Street was acquired by Henry K. Cooper, the elder. He still held it in 1900, when he died. Mr. Cooper left no will. He was survived by his wife, Augusta, and their seven children, one of whom is the plaintiff. Mrs. Augusta Cooper is still living. Subject to her life estate in a third thereof, her husband's house and lot descended to their children. One of these was Edward R. Cooper. He died intestate in 1914, seized of the one-seventh share that he had inherited from his father in the property above mentioned, subject, of course, to his mother's dower interest in that property. His heirs were his mother and his six brothers and sisters. Under the intestate law Mrs. Augusta Cooper inherited from him an estate for life in the undivided share that had descended to him from his father. From his brother Edward, the plaintiff inherited an undivided one forty-second (1/42) part in the property No. 1038 North Fourth Street.

For greater clearness it may be well to reduce the fractions involved in this matter to a common denominator, and accordingly the fractional shares of the parties to the cause will henceforth be referred to as consisting of so many one hundred and twenty-sixths. For the same reason it is to be understood that whenever the undivided interest of any of the children of Henry K. Cooper, the elder, is hereinafter referred to, it is subject to the life estate of his widow, Mrs. Augusta Cooper, in his real estate, unless otherwise particularly specified; also that whenever the share inherited by any of the brothers or sisters of Edward R. Cooper in his part of his father's real estate is referred to hereinafter, it is subject also to Mrs. Augusta Cooper's life interest in Edward R. Cooper's real estate under the intestate law, unless otherwise indicated.

To the plaintiff's declaration, the defendant, Howard E. Ziegler, Trustee in Bankruptcy, pleads not guilty. He disclaims all interest in the three one hundred and twenty-sixths (3/126) share which the plaintiff inherited in No. 1038 North Fourth Street from his brother Edward, but asserts that he, the said defendant, now owns and is entitled to the possession of the eighteen one hundred and twenty-sixth (18/126) share therein which the plaintiff inherited directly from his father, Henry K. Cooper, Sr.

Each of the other defendants who have appeared and answered the declaration, pleads not guilty, and disclaims all right to the twenty-one one hundred and twenty-sixth interest that the plaintiff seeks to recover.

The contest in the case is, therefore, between the plaintiff and one defendant alone, Howard E. Ziegler, Trustee in Bankruptcy of William H. Cooper. For the purpose of convenience he will hereinafter be referred to as the defendant, and no other person is meant when that word is used unless plainly so indicated.

The question in the case is whether the plaintiff is still the owner and as such entitled to the possession of the eighteen one hundred and twenty-sixths (18/126) share that descended to him upon the death of his father in 1900.

The plaintiff rests his claim upon facts that may be briefly put as follows, the interests referred to as the subject-matter of the several conveyances enumerated being, of course, shares in No. 1038 North Fourth Street.

On February 16, 1910, the plaintiff and his wife conveyed his 18/126 interest in the premises to William H. Cooper.

On the same day William H. Cooper acknowledged in writing that the conveyance to him just mentioned was in trust and agreed to convey the property No. 1038 North Fourth Street at the request of the plaintiff, his heirs or assigns to his or their nominee. This instrument

was acknowledged August 17, 1921, and recorded August 18, 1921.

On February 25, 1915, William H. Cooper conveyed to Lulu A. Cooper, the plaintiff's wife, a 14/126 share in the premises.

On August 4, 1921, William H. Cooper conveyed to Harry J. Neuschafer a 4/126 share in the premises.

On August 6, 1921, the plaintiff and his wife conveyed to Harry Neuschafer a 14/126 share in the premises.

On the date last mentioned Harry J. Neuschafer conveyed to the plaintiff an 18/126 share in the premises.

The defendant admits the execution and delivery of the deeds involved in the conveyances above mentioned.

If there were no other facts in the case, these conveyances would appear, beyond question, to vest in the plaintiff the share in dispute, but the defendant presents additional facts in view of which, he contends, such a conclusion should not be adopted.   These are as follows:

When his 18/126 share in the premises was conveyed to William H. Cooper, on February 16, 1910, the plaintiff was in debt, and that conveyance and William H. Cooper's declaration of trust were executed in pursuance of a scheme to defraud the plaintiffs' creditors.

The deed by William H. Cooper to Lula A. Cooper, wife of the plaintiff, dated February 25, 1915, besides attempting to transfer to her a 14/126 share in the premises, attempted also to convey to her "all the right, title, interest and estate" of William H. Cooper in the premises.

On the same day on which his deed to Lula A. Cooper was executed, William H. Cooper by deed attempted to convey to Augusta Cooper a 14/126 share in the premises and "all his right, title, interest and estate" in the premises.

On September 27, 1915, proceedings in bankruptcy were instituted against William H. Cooper.  On December 15, 1915, he was adjudicated a bankrupt; and on the

same day the defendant herein was appointed trustee of his property.

On November 18, 1918, in proceedings instituted by the defendant herein, Howard E. Ziegler, Trustee in Bankruptcy of William H. Cooper, on the ground of fraud on the creditors of the bankrupt, a decree was entered by Court of Common Pleas No. 5 of Philadelphia County to the effect:

1. That the deed made by William H. Cooper to Augusta Cooper on February 25, 1915, was null and void.

2. That the deed made by William H. Cooper to Lula A. Cooper on February 25, 1915, was null and void.

3. That Augusta Cooper should surrender her deed from William H. Cooper for cancellation and convey to the defendant in this case the right, title and interest in, inter alia, No. 1038 North Fourth Street conveyed to her by William H. Cooper.

4. That the plaintiff in this case and Lula, his wife, should surrender to the defendant herein for cancellation the deed given to said Lula by William H. Cooper, and convey to the defendant herein the right, title and interest of said Lula A. Cooper in, inter alia No. 1038 North Fourth Street conveyed to her by said deed, "without prejudice to any rights which Henry K. Cooper, Jr. (the plaintiff herein) may have therein."

5. That both Augusta Cooper, and the plaintiff herein and his wife were enjoined from conveying or encumbering the right, title and interest in No. 1038 North Fourth Street conveyed to Augusta Cooper and Lulu A. Cooper respectively by William H. Cooper on February 25, 1915, but in the case of Lulu A. Cooper, "without prejudice to any rights which Henry K. Cooper, Jr. (the plaintiff herein), may have  therein."

On December 17, 1918, in compliance with the decree just referred to, deeds were executed and delivered by the plaintiff and his wife and Augusta Cooper respectively to the defendant herein. Each of these deeds recited the decree. The deed made by the plaintiff and his

wife stipulated expressly that it was made without prejudice to the rights which the plaintiff might have in the Fourth Street property.

Condensed from the brief of counsel, the defendant's arguments upon the foregoing facts may be stated as follows:

1. The declaration of trust given to the plaintiff by William H. Cooper was a nullity, because the latter thereby undertook to convey, at the request of the former, the whole of No. 1038 North Fourth Street, although, even after the plaintiff's conveyance to him, he held no more than a 39/126 interest therein.

2. This declaration of trust was not recorded until August 18, 1921. The deed of the plaintiff and his wife to the defendant, made December 17, 1918, pursuant to the decree of Court of Common Pleas No. 5, was recorded before the declaration was recorded. The latter, therefore, could not be enforced against the defendant.

3. By failing to record the declaration of trust the plaintiff made it possible for Cooper to obtain credit upon the strength of the false appearance of title in him. This was a fraud on those with whom the latter dealt. As to his creditors and the defendant, as their representative, the declaration was, therefore, of no effect, so that the title to the 18/126 share conveyed to William H. Cooper must be regarded as unaffected thereby and now vested in the defendant.

4. Neuschafer took nothing by the deed that William H. Cooper executed on August 4, 1921, and, hence, the plaintiff acquired no title to the 4/126 interest which Neuschafer attempted to convey to him. Cooper had no title left in him to pass on to Neuschafer. No application was made to the bankruptcy court for an order authorizing the defendant as trustee for William H. Cooper's estate to convey, and no proceeding was ever instituted to enforce the alleged trust.

5. While under the "without prejudice" proviso in the decree of Court of Common Pleas No. 5 the plaintiff

herein may have had the right to assert his claim to the share that he had conveyed to William H. Cooper in the Fourth Street property, he should have exercised it before he joined with his wife in executing the deed to the defendant herein dated December 17, 1918. The execution and delivery of that deed constituted "an estoppel in pais as well as an equitable estoppel" that prevents the assertion of whatever right in the property he still may have.

6. The status of the parties has changed and new interests have intervened; wherefore the plaintiff is precluded from enforcing any interest he may have had under the declaration of trust given him by William H. Cooper, even under the proviso in the decree of Court of Common Pleas No. 5, that his rights should not be prejudiced thereby.

7. The defendant is either a bona fide purchaser for value without notice, under the deed of the plaintiff and his wife dated December 17, 1918, or, under the Bankruptcy Act, occupies the position of a judgment creditor whose execution has been returned unsatisfied. In either case the declaration of trust in favor of the plaintiff was without effect so far as he is concerned.

8. Having intended to hinder and delay his creditors when he conveyed to William H. Cooper, the plaintiff comes into equity with unclean hands and is, therefore, not entitled to the aid of the court in the enforcement of the declaration of trust.

In our opinion there is no force in any of these contentions. A few words will in the case of each of them demonstrate its lack of merit.

1. [While the declaration of trust of February 16, 1910, is badly drawn, it cannot be treated as a nullity. It admits, it is true, that William H. Cooper holds for the plaintiff certain real estate of which the former owned merely a fractional part; but his covenant was to "re-convey" the property that he held in trust as the plaintiff might request. By that word "re-convey" ref-

erence is made to the fact that the declarant had received from the plaintiff the subject-matter of the trust; and his declaration must, therefore, be construed as limited in its operation to the legal title to the 18/126 share which the plaintiff had deeded to him in the real estate therein described.]

2. The defendant assumes that he purchased the plaintiff's interest in the Fourth Street property for value and without notice of William H. Cooper's declaration of trust, and is, therefore, within the benefit of the recording acts. He did not, however, acquire the plaintiff's interest in the property under the deed of December 17, 1918. That deed recites that it was made in pursuance of the decree of Court of Common Pleas No. 5, and expressly declares (as does also the decree) that it was made without prejudice to the rights of the plaintiff. The rights of the plaintiff in the property were twofold. In the first place, he had the right to insist that the 14/126 share conveyed to Lulu A. Cooper as his nominee by William H. Cooper on February 26, 1915, should continue to be vested in her, and, in the second place, he had the right to demand from William H. Cooper the conveyance of the 4/126 share, the legal title to which the latter still held. These rights were not affected by the deed.

All that the decree of Court of Common Pleas No. 5 was intended to accomplish was to vest in the defendant in this case in such wise as to become available as an asset for the payment of the debts of William H. Cooper the interest that the latter had inherited in the Fourth Street house from his father, Henry K. Cooper, Sr., This he had attempted to convey to Lulu A. Cooper, the plaintiff's wife, along with 14/126 out of the 18/126 that he held for the plaintiff. To the extent that he tried to convey to her an interest of his own in the property, his conveyance was held void as to his creditors. In order to prevent the deed that he gave her from being used as a means of defrauding any who might not have actual

knowledge of the defendant's proceedings, the decree provided that the deed should be cancelled. It is manifest, however, that the decree was not intended to disturb any estate that had legally vested under that instrument. All, therefore, that the defendant acquired under the deed of the plaintiff and his wife, dated December 17, 1918, was the personal or individual interest of William H. Cooper so far as that had passed to Lulu A. Cooper.

In this connection it may be well to observe that the deed of William H. Cooper to Augusta Cooper, made February 26, 1915, did not conflict with the deed made that same day to Lulu A. Cooper, and is, consequently, without bearing on the case before the court.

The deed to Augusta Cooper just mentioned purported to convey to her a 14/126 part in the Fourth Street property plus all the right, title, interest and estate of William H. Cooper therein. This grantee was either a purchaser for value without notice of the plaintiff's equity, or she was not. If she was not such a purchaser, her deed vested in her nothing except what its maker had the right to convey; and, of course, as trustee for the plaintiff, he had no right to dispose of the plaintiff's 18/126 share or any part thereof. If she bought in good faith for value and without notice, her deed served to vest in her 14/126 (part of the 18/126 share that her grantor had inherited from his father) plus whatever else he held unaffected by the trust that he had declared. Of the additional 25/126 that he held 18/126 were held for the plaintiff. That share would not pass by his deed even to a bona fide purchaser without notice under the description "all the right, title, interest and estate" of William H. Cooper. Although the declaration of trust in favor of the plaintiff had not then been recorded, if what his mother purchased from his trustee was merely the "interest" of the latter, she could not claim the share affected by the trust that he had declared: Virginia Coal

& Iron Co. v. Fields, 94 Va. 102.  See Tiffany on Real Estate, 2 Ed. 2207.

3. Creditors are not within the benefit of the recording acts.   Where the grantee in a deed or the beneficiary under a declaration of trust fails to record the instrument under which he claims, no presumption of fraud on the creditors of the grantor or of the maker of the declaration will arise.   Unless they can allege and prove actual fraud such creditors have no standing to impeach his title.   There is no allegation on the record that the plaintiff and William H. Cooper conspired to cheat and defraud the creditors of the latter, or that the latter at that time had any creditors or expected to have any.

4. [In spite of the bankruptcy proceedings of William H. Cooper, the title to a 4/126 interest in No. 1038 North Fourth Street remained in him, and, under his deed of August 4, 1921, passed to Neuschafer, and so on to the plaintiff.   "The trustee in bankruptcy does not acquire title to property held by the bankrupt as a mere bailee, or as the agent of another.   Neither does he acquire title to property the legal title to which is in the bankrupt as trustee": 7 Corpus Juris 128, and cases there cited.   There was, therefore, no need for permission from the bankruptcy court to convey to Neuschafer; and, if William H. Cooper recognized and was willing to carry out the covenant of his declaration of February 16, 1910, his deed to the plaintiff's nominee is not lacking in validity, because he made it without the coercion of a decree of court.]

5. We are of the opinion that the defendant misunderstands the decree of Court of Common Pleas No. 5.   Its true intent and purpose is set forth above in our discussion of the second point of the defendant's argument and need not be repeated.   The theory that a deed conveying an interest in real estate, which expressly excepts from its operation the rights of one of the grantors, who is the husband of the other grantor, can be regarded as estopping him from asserting his individual rights in the

premises conveyed is without foundation in precedent or sound reason.

6. Nothing in the defendant's answer or abstract of title serves to indicate that the status of any of those involved in or connected with this case or the interest to which it relates has changed or that there have intervened new interests that need to be considered.

7. It cannot be successfully maintained that one whose only interest in real estate arises because he is trustee in bankruptcy is a bona fide purchaser for value of an interest in land expressly excepted from the operation of such a decree as that entered by Court of Common Pleas No. 5, on November 18, 1918, and the deed dated December 17, 1918, made in pursuance of that decree and expressly setting forth the same exception. Under the Bankrupt Act, the rights of the defendant in the property of persons other than the bankrupt rise no higher than do those of the latter.

8. [The rule that he who comes into equity must come with clean hands would undoubtedly stand in the plaintiff's way if he were attempting to enforce a trust against William H. Cooper, and the facts were (as alleged by the defendant), that the plaintiff's conveyance to William H. Cooper was intended to hinder or delay his creditors. This case, however, involves no such effort. William H. Cooper has fulfilled his agreement with the plaintiff. The trust upon which he held the plaintiff's 18/126 share has been executed. The plaintiff again holds the legal title thereto. What he is now endeavoring to enforce is not an equitable right, but his legal title and right of possession. In this effort he does not require the assistance of equity. His position to-day is the same as it was before he conveyed his share in his father's real estate to his brother William. Whatever rights he then had against his cotenants he has against them to-day with the same means for their assertion at his disposal.]

In view of the fact that the appearance of three of the defendants has been withdrawn, and that all others ex-

cept Howard E. Ziegler, Trustee in Bankruptcy of William H. Cooper, have pleaded not guilty and disclaimed all right to the share claimed by the plaintiff, Mr. Ziegler is the only party against whom judgment may be entered; and inasmuch as he has filed a disclaimer with respect to the 3/126 interest inherited by the plaintiff from his brother Edward R. Cooper, [the judgment to be entered under the view that we take of this case should be in favor of the plaintiff and against the defendant Howard E. Ziegler, Trustee in Bankruptcy of William H. Cooper for an undivided eighteen one hundred and twenty-sixths part or share in property known as No. 1038 North Fourth Street, Philadelphia, subject to the undivided one-third interest of Augusta Cooper for life in the whole of the said property; and also subject to the payment of its proportionate part of the mortgage debts charged thereon, as set forth in the 5th paragraph of the said defendant's abstract of title.]

Defendant, Howard E. Ziegler, Trustee in Bankruptcy of William H. Cooper, appealed.

*Errors assigned* were various findings of fact and the decree of the court.

*Clinton A. Sowers,* and with him *Horace M. Rumsey,* for appellant.—There was no identity of interest between the deed made by the cestui que trust and the declaration of trust made by the trustee: Cortelyou's App., 102 Pa. 576; Reilly v. Gautschi, 174 Pa. 80; O'Connell v. Cease et al., 267 Pa. 288; Heller v. Cochran, 280 Pa. 579.

Where a declaration of trust creates a dry trust the statute will not execute the trust, where fraud has intervened: Reichart v. Castator et al., 5 Binney 109; Sickman v. Lapsley, 13 S. & R. 224; Guggenheimer's App., 4 Atlantic Reporter 46; Murphy v. Hubert, 16 Pa. 50; Rankin v. Simpson, 19 Pa. 471; Evans v. Dravo, 24

Pa. 62; Hendrickson v. Evans, 25 Pa. 441; Gill v. Henry, 95 Pa. 388; Reynolds v. Boland, 202 Pa. 642.

*E. Spencer Miller,* for appellee. —A declaration of trust describing the subject-matter without qualification as to the fractional undivided interest intended, is nevertheless valid in respect of such interest if the intent is clear: Flagg v. Bean, 25 N. H. 49; Irvin v. Irvin, 142 Pa. 271; Potamkin v. Wells-Fargo Co., 63 Pa. Superior Ct. 222-25; Stern & Co. v. Liberty Mut. Ins. Co., 269 Pa. 559, 563; Kuhn v. Buhl, 251 Pa. 348.

PER CURIAM, October 20, 1924:

The judgment appealed from is affirmed on the opinion of President Judge AUDENRIED.

---

# Commonwealth *v.* Nunamaker, Appellant.

*Criminal procedure—Charge of the court—Reasonable doubt— Insufficiency.*

A charge of the court on the subject of reasonable doubt is improper and insufficient when the jury might have deduced therefrom that the case was governed (1) by the correct rule of law, or (2) they might have understood that the case was to be governed by the preponderance of the evidence, or (3) they might have assumed that the innocence of the defendant as to the offense charged in the indictment must be established beyond a reasonable doubt or even (4) that with a reasonable doubt present in their minds as to the guilt of the defendant, they could exercise their discretion as to returning a verdict of "not guilty."

In the trial of an indictment for the possession of intoxicating liquors, a witness who has drunk the liquor may testify, if he knows, that it was whiskey. A chemical analysis is not absolutely necessary to prove the fact.

Argued October 7, 1924.   Appeal, No. 6, April T., 1925, by defendant, from judgment of Q. S. Clarion Co., Dec. Sessions, 1923, No. 14, on verdict of guilty in the